IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WALLACE BANKSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11cv34 |
| | § | (Judge Clark/Judge Mazzant) |
| MICHAEL ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 2, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be AFFIRMED.

Plaintiff first objects that when it is unclear whether the correct severity standard was applied to determine the severity of Plaintiff's impairments, it is not proper for this court to make the severity finding for the ALJ, as if the correct standard had been applied. Plaintiff asserts that the failure to apply the correct severity standard at step two is legal error which requires remand. The court disagrees. The question before the court is whether substantial evidence supports the finding that Plaintiff's mental impairment was not a severe impairment. A review of the record clearly demonstrates that substantial evidence supports that decision. Plaintiff requests that the court remand the case back to the ALJ to make this same finding. Remand is not required when the error committed is merely harmless. Moreover, in an unpublished decision, the Fifth Circuit found that

1

similar severity language used by the ALJ was not error. *See Brunson v. Astrue*, 387 F. App'x 459 (5th Cir. 2010) ("An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; *it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities.*") *See also White v. Commissioner of Social Sec. Admin.*, No. 4:11cv113, 2012 WL 1986523, at *3 (E.D. Tex. June 4, 2012); *Acosta v. Astrue*, No. EP–10–CV–00471–DCG, 2012 WL 1994985, at *10 (W.D. Tex. Mar. 2, 2012).

Plaintiff's second objection is that remand is warranted because the Commissioner failed to apply the proper weight and legal analysis of the treating opinion submitted to the Appeals Council. Plaintiff takes issue with the Appeals Council's summary denial for review of the submitted functional assessment from Dr. Jones. Plaintiff urges that the court require the Appeals Council to give a detailed analysis for the rejection of Dr. Jones' opinion. Plaintiff's argument is misplaced and he fails to offer any Fifth Circuit authority that requires the Appeals Council to explain its decision in the way required of the ALJ. The Appeals Council indicated that it considered the evidence. All that is required is a review to determine whether substantial evidence supports the respective decisions, including the new evidence submitted to the Appeals Council. The Magistrate Judge correctly pointed out that Dr. Jones completed a fill-in-the blank form which fails to provide any objective evidence to support the limitations indicated on the form. An unsupported decision, even from a treating source, can be rejected by the ALJ or the Appeals Council. The Magistrate Judge also noted that Dr. Jones' conclusion was inconsistent with the record, and noted that the Commissioner noted that Dr. Jones was not even a treating source. Substantial evidence supports the decision in this case.

The court, having made a de novo review of the objections raised by Plaintiff [Doc. #21], is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the

objections of Plaintiff are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

It is therefore **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **31** day of **August, 2012.**

_____
Ron Clark, United States District Judge